IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK GEIB,** | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-04-1923** |
| v. | : | (Judge Caputo) |
| **JEFF JAMES, et al.,** | : | |
| **Defendants.** | : | |

# M E M O R A N D U M

## I.  Introduction

Plaintiff, Frederick Geib, an inmate at the State Correctional Institution in Waymart ("Waymart"), Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. §1983.  Named as Defendants are the following Waymart officials: (1) Unit Manager, Jeff James; (2) prison physician, Dr. Bekele; (3) physician's assistant, Mrs. Loomis; and (4) health care administrator, Donald Fiske.  Plaintiff alleges that Defendants have failed to provide adequate medical treatment for Plaintiff's injured hand.  For relief, he seeks: (1) proper medical treatment; (2) physical therapy; (3) evaluation by a medical expert; and (4) compensatory damages.

Presently before the Court are Defendants' motions to dismiss (Docs. 23 and 34) Plaintiff's complaint.  The motions have been briefed, and they are ripe for disposition.  For the following reasons, the motions of Jeff James, Mrs. Loomis, and Donald Fiske will be granted, and Dr. Bekele's motion will be denied.

## II.     Background

On October 22, 2002, while proceeding to his prison job, Plaintiff injured his hand when another prisoner struck it with a swinging door.  Plaintiff was sent to the medical department, and he was given an ice pack and Motrin pain reliever.  The next day, Plaintiff was again seen by medical staff, an x-ray of the hand was ordered, and he was given an ace bandage.  The following day, Plaintiff was informed that he had a broken bone in his hand.

Subsequently, Plaintiff returned to sick call with continued complaints of pain.  He was informed that he would see a doctor, but many days passed without an appointment.  Plaintiff complained to his unit manager, Defendant James, who told Plaintiff "do what you gotta do, the medical department here sucks."  (Doc. 1 at 5.)  On October 31, 2002, Plaintiff was taken to an outside doctor.   After reviewing the x-rays sent from the prison with Plaintiff, the outside doctor applied a cast to Plaintiff's hand and thumb.  Days later, Plaintiff returned to the outside doctor, and was informed that the wrong x-rays had been sent for the doctor's review.  The doctor removed the first cast, and applied a new cast to Plaintiff's hand and thumb.  Plaintiff was informed that his bone had broken in half.  The doctor told him that since so many days had passed and the bone had not received a proper blood supply, Plaintiff may require surgery.  On December 9, 2002, Plaintiff returned to the outside doctor, and the doctor ordered surgery.  On March 26, 2003, a portion of bone was removed from Plaintiff's hip and placed in Plaintiff's hand, and his hand was again placed in a cast.  On June 16, 2003, Plaintiff's cast was removed, and the outside doctor ordered a splint for the hand. The prison did not have splints in stock, and one was ordered.  While waiting for the splint to arrive, Plaintiff re-injured his hand.  Plaintiff was returned to the

2


outside doctor and received a new cast.  Ultimately, the splint arrived five (5) weeks after it was ordered.

More recently, the outside doctor recommended a specialist, but informed Plaintiff that the prison would not allow a specialist consultation for Plaintiff.  Upon inquiry, Dr. Bekele informed Plaintiff that it was the insurance carrier, not the prison, that would not allow the specialist consultation. Plaintiff claims that his hand is no better, and Bekele has informed him that his hand will never improve.  Plaintiff also claims that he has endured unnecessary pain and suffering because he is in prison.  After Plaintiff filed unsuccessful prison grievances, this action ensued.

### III.     Discussion

#### A.  Motion to Dismiss Standard

Defendants contend that Plaintiff's complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true. *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief.  *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004).  A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293

F.3d 103, 106 (3d Cir. 2002).  Nevertheless, the Court is mindful that *pro se* complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Deliberate Indifference

To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).  Both elements must be present to sustain a § 1983 action.

It is undisputed that Defendants are state actors, and the Constitutional issue implicated in this case is the Eighth Amendment requirement that prison officials provide adequate medical care to inmates, and make reasonable efforts to assure prisoner health and safety.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  That duty is violated when prison officials know of and disregard an excessive risk to inmate health or safety.  Id. at 837.  Not every illness or injury enjoys constitutional protection; only serious medical needs or injuries will give rise to constitutional scrutiny.  *Gerber v. Sweeney*, 292 F.Supp.2d 700, 706 (E.D. Pa. 2003).  A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention.  *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *McCabe Prison Health Services*, 117 F.Supp. 2d 443, 450 (E.D. Pa. 1997).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), as here, the prisoner/plaintiff claimed that inadequate medical treatment violated his Eighth Amendment protection from cruel and unusual punishment.  The Supreme Court acknowledged that the government has an obligation to provide medical care to its prisoners, but held that a constitutional violation

does not occur unless the Plaintiff can show Defendants had a "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." *Id.* at 104 (citation omitted).

### C.  Jeff James and Donald Fiske

It is well-established that "[A] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondent superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988).  The personal involvement requirement can be satisfied by a showing of "personal direction or of actual knowledge and acquiescence."  *Id.*; *Pansy v. Preate*, 870 F. Supp. 612, 630 (M.D. Pa. 1994), *aff'd mem.*, 61 F.3d 896 (3d Cir. 1995).  Nevertheless, an official who actually knew of a substantial risk to inmate health or safety will not be liable where the official acted reasonably in response, even if the harm ultimately ensues.  *Id*. at 844.  Further, a non-physician defendant will not be liable for deliberate indifference where the inmate is receiving treatment by the prison's medical staff.  *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3rd Cir. 1993).

Plaintiff fails to allege any facts that implicate James or Fiske in acts depriving him of Constitutionally protected rights.  The only allegation against James is that he responded to Plaintiff's complaints about the medical care by telling Plaintiff "the medical department . . . sucks."  (Doc. 1 at 5.)  In opposition to James' motion to dismiss, Plaintiff claims James "consciously and intentionally did nothing."  (Doc. 32 at 2.)  However, James is a non-medical Defendant, and he was not authorized to render medical care or take any other action that Plaintiff seems to believe was lacking.  Even if the Court assumes that James was responsible for sending the wrong x-rays to the outside doctor, this error does

5

not amount to the wanton infliction of unnecessary pain addressed in the *Estelle* line of cases.

Similarly, under the most liberal reading of Plaintiff's complaint the Court can not conclude that Fiske has been deliberately indifferent to Plaintiff's serious medical needs. Plaintiff claims that he wrote "several requests to [Fiske, and] . . . [h]e just kept telling me to put in sick call slips." (Doc. 1 at 5.) Although Plaintiff infers that Fiske is liable in a supervisory capacity ("Plaintiff also wrote to Mr. Fiske for help . . . Mr. Fiske still gave **no** help, despite being directly in charge of the medical department." (emphasis in original); Doc. 32 at 2), claims brought under § 1983 cannot be premised on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). Ultimately, the record is devoid of evidence or an inference that James or Fiske knew of and disregarded a substantial risk to Plaintiff's serious medical condition, or that they knowingly acquiesced in any substandard treatment to Plaintiff, and their motion to dismiss will be granted.

### D. Mrs. Loomis

The complaint alleges that physician's assistant Mrs. Loomis is liable because she misstated facts in response to a grievance filed by Plaintiff. When the outside doctor removed Plaintiff's second cast, he ordered a splint for Plaintiff's injured limb. Plaintiff alleges that the doctor called the prison and was told by an unidentified person that the prison would apply the splint. However, when Plaintiff returned to the prison he was informed that there was no splint on hand, and it had to be ordered. The splint took five (5)

weeks to arrive, and Plaintiff had re-injured his hand in the meantime.  Consequently, Plaintiff filed a grievance and Mrs. Loomis allegedly misstated the facts in response to that grievance.  (Doc. 1 at 5.)

Viewing these allegations in a light most favorable to Plaintiff, Mrs. Loomis' actions do not rise to the level of deliberate indifference proscribed by the Eighth Amendment.   Plaintiff does not claim that Mrs. Loomis had delayed the splint, that she was in any way responsible for the re-injury, or that her alleged misstatement in any way impeded or altered his medical treatment.  His only allegation is that she misstated facts in response to Plaintiff's grievance, and this is insufficient to establish liability.  Thus, Mrs. Loomis' motion to dismiss will be granted.

### E.  Dr. Bekele

Although not specifically alleged, Plaintiff infers that his hand was permanently damaged as a result of mistreatment by Dr. Bekele, that Dr. Bekele sent the wrong x-rays to the outside doctor, that Dr. Bekele unduly delayed the availability of a splint, and Dr. Bekele is resisting the recommendation of the outside doctor to send Plaintiff to a specialist.  A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  If inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  *Id.*  "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).  Moreover, one doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth

7

Amendment.  *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990).  However, viewing the facts in a light most favorable to Plaintiff, the Court is unable to rule out deliberate indifference by the doctor, and Plaintiff will be permitted to proceed to try to submit evidence to support his inferences of Dr. Bekele's deliberate indifference.  Accordingly, Dr. Bekele's motion to dismiss will be denied.  An appropriate Order follows.


Dated: October 4, 2005 /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FREDERICK GEIB,** :
:
      **Plaintiff,** : CIVIL NO. 3:CV-04-1923
:
v. : (Judge Caputo)
:
:
**JEFF JAMES, et al.,** :
:
      **Defendants.** :

## O R D E R

**AND NOW, THIS 4th DAY OF OCTOBER, 2005**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. Defendants Fiske and James' motion to dismiss (Doc. 23) Plaintiff's complaint is **GRANTED**.

2. Defendants Loomis and Bekele's motion to dismiss (Doc. 34) Plaintiff's complaint is granted in part.  Janan Loomis' motion to dismiss is **GRANTED**, and Dr. Tamrat Bekele's motion is **DENIED.**

                                            /s/ A. Richard Caputo
                                            A. RICHARD CAPUTO
                                            United States District Judge