IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FREDERICK GEIB,**               :
                                  :
              **Plaintiff,**      :          **CIVIL NO. 3:CV-04-1923**
                                  :
       **v.**                     :          **(Judge Caputo)**
                                  :
                                  :
**JEFF JAMES, et al.,**           :
                                  :
                                  :
              **Defendants.**     :

## O R D E R

Plaintiff, Frederick Geib, an inmate at the State Correctional Institution in Waymart ("Waymart"), Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. §1983.  Plaintiff alleges that Defendants failed to provide adequate medical treatment for Plaintiff's injured hand.  He seeks: (1) proper medical treatment; (2) physical therapy; (3) evaluation by a medical expert; and (4) compensatory damages.

By Order dated October 4, 2005 (Doc. 73), this Court granted the motions to dismiss (Docs. 23 and 34) Defendants James, Loomis, and Fiske.  Presently before the Court is Plaintiff's motion for reconsideration of that Order.  For the following reasons, the motion will be denied.

A motion for reconsideration is a device of limited utility, and it permits the district court to reconsider its prior judgment.  *Hairston v. Alert Safety Light Products*, 307 F.3d 717 (8th Cir. 2002).  It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have

affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

It has also been held that a motion for reconsideration is appropriate in instances such as

where the court has ". . . misunderstood a party, or has made a decision outside the

adversarial issues presented to the court by parties, or has made an error not of reasoning,

but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523,

527 (M.D. Pa. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D.

99, 101 (E.D. Va. 1983).  "Because federal courts have a strong interest in the finality of

judgments, motions for reconsideration should be granted sparingly." *Continental Casualty*

*Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).  In his pending

motion, Plaintiff fails to demonstrate a change of law, new evidence, or a need to correct

clear error of law that indicates his previous claim merits reconsideration.  Ultimately,

Plaintiff merely wants this Court to rethink its earlier decision, and his motion does not

support reconsideration of the Court's prior Order.  *Glendon Energy Co. v. Borough of*

*Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (a motion for reconsideration is *not*

properly grounded on a request that a court rethink a decision already made).

**ACCORDINGLY, THIS 18th DAY OF JANUARY, 2006, IT IS HEREBY ORDERED**

**THAT** Plaintiff's motion for reconsideration (Doc. 81) is **DENIED**.

                                                  /s/ A. Richard Caputo
                                                  A. RICHARD CAPUTO
                                                  United States District Judge